531 A.2d 879

In the Matter of the Appeal From the Auditor's Report of McKean Township for 1984. Joseph J. Szymanowski and Kenneth Neuberger, Appellants.

Submitted on briefs June 12, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James D. McDonald, Jr.,* for appellant, Joseph J. Szymanowski.

*Ritchie T. Marsh, Marsh, Spaeder, Baur, Spaeder &
Schaaf,* for appellant, Kenneth Neuberger.

*Eugene J. Brew, Jr., McClure, Miller & White,* for appellees.

OPINION BY JUDGE CRAIG, October 2, 1987:

This is an appeal from a trial court's decision on review of an auditors' report of McKean Township for the year 1984.

The auditors had surcharged two of the township supervisors for compensation which they had received from the township for certain municipal jobs performed in addition to those of supervisors, namely those of township treasurer and superintendent of roads. Although the trial judge dismissed the surcharges against both supervisors, he limited their counsel fee award to the amount of money which the township had received "by virtue of the audit."[1] The two township supervisors have appealed that counsel fee award, claiming that they are entitled to reimbursement for all legal costs and expenses incurred, including those costs incurred on appeal here.

The narrow issue[2] here is whether the counsel fee award should be limited to an amount not greater than the township's recovery.

---

[1] The order awarded each supervisor $231.60, reflecting the total amount of $463.19 which the township had recovered by virtue of the audit.

[2] Although the township takes the position that the supervisors are not entitled to *any* reimbursement for legal expenses incurred, the township has not taken an appeal from that award. Consequently, this court will not address the township's argument on that issue.

Originally, only the treasurer-supervisor was actively challenging the auditors' surcharge before the trial court. However, after preliminary hearings and pre-hearing conferences, the court determined that the superintendent-supervisor was a necessary party, and the trial judge ordered that he be added as an additional party to the lawsuit. Additionally, the trial judge determined that the township solicitor had a conflict of interest in representing both the township and the individual supervisors, and he ordered the supervisors to retain private counsel.

The final decision on the merits was that the surcharges were unwarranted, under section 545 of the Second Class Township Code, Act of 1933, May 1, P.L. 103, *as amended,* 53 P.S. §65545, because the township suffered no loss. There has been no appeal of that determination.

In the February 11, 1986 opinion—dealing with the determination that the township solicitor had a conflict of interest in representing both the township and the treasurer-supervisor, and that the treasurer-supervisor should retain independent counsel—the trial judge specifically noted that a potential conflict "could arise by virtue of the fact that if Mr. Szymanowski [treasurer-supervisor] is correct, he should not only not be surcharged but should be entitled to reimbursement for any legal expenses he may incur." Ultimately, when ruling on the supervisors' petitions for reimbursement of counsel fees and expenses, the trial judge reasoned that, because the supervisors did not act in good faith when they voted for themselves in the nominations for the positions of treasurer and road superintendent, he could

---

Additionally, because the supervisors prevailed in their challenge of the surcharge, and because the township has not appealed from that order, there is no need to address the supervisors' arguments in defense of their actions.

not approve their actions and would not permit the taxpayers to assume all the costs associated with defending their actions. However, as noted in the supervisors' brief, evidence[3] relating to the supervisors' good faith had been excluded from the record on the ground of relevance.

With respect to authority for reimbursement of counsel fees, section 563 of the Second Class Township Code, 53 P.S. §65563, states:

> When an appeal is taken from the township auditors' report or settlement of the account of any township officer, and such appeal results favorably to the appellants in such a manner that money is recovered for any township, the court hearing such appeal shall make an order to pay a reasonable counsel fee.

Although the auditors contend that this section provides authority only for reimbursement of counsel fees to auditors, the trial judge correctly read the provision to apply to all appeals from auditors' reports. He considered the condition precedent for reimbursement fulfilled in that some money was here recovered for the township. However, the trial judge also viewed that condition in section 563 as a limitation upon the amount of counsel fees which could be reimbursed. Accordingly, he limited the total reimbursement of counsel fees to $463.19, the amount by which the proceeding had benefited the township.

However, recognizing that the statute authorizes reimbursement of "a reasonable counsel fee," we cannot convert the township-benefit condition into a limitation

---

[3] The trial judge declined to accept the testimony of, and exhibits from, a municipal administration consultant regarding an alleged statewide practice of supervisors voting for themselves to other positions.

provision imposing a maximum upon reimbursement which would be less than the counsel fee amount reasonably due for the services rendered.

In *Silver v. Downs*, 493 Pa. 50, 425 A.2d 359 (1981), the Supreme Court addressed the issue of a supervisor's entitlement to counsel fees when the township solicitor is disqualified from acting on the supervisor's behalf. Although the posture of that case differed in that the supervisors in *Silver* were defendants in a recall action, the court, in both cases, focused on the actions of the supervisors in the performance of their official duties. In *Silver,* the court specifically stated that "[i]n the event the solicitor is ultimately disqualified, petitioners [supervisors] must therefore be free to choose substitute counsel without fear of personal liability for legal fees." *Id.* at 59, 425 A.2d at 364.

The record lacks substantial evidence to support a determination that the supervisors acted in bad faith.[4] Moreover, we are unable to read *Silver* as requiring a positive finding of good faith before reimbursing a supervisor for legal expenses incurred when the township solicitor is disqualified. In addressing the legislature's intent in promulgating the statutory provision establishing a recall action, 53 P.S. §65503, the court in *Silver* reasoned that the legislature did not intend to subject supervisors "to potentially crippling personal financial liability should they seek to defend their good faith official conduct." *Id.* at 58, 425 A.2d at 364. That

---

[4] Interestingly, approximately two weeks before the court issued its decision on the merits of the surcharge appeal, the legislature amended section 511 of the Second Class Township Code, 53 P.S. §65511, to allow a supervisor to vote for appointment of him or herself to the position of treasurer. Although that amendment was not retroactively applicable to these proceedings, the amendment arguably suggests that the treasurer-supervisor here did not act in bad faith when he voted for himself.

dictum regarding a supervisor's defense of his good faith conduct in a recall action cannot be interpreted as necessarily requiring the supervisors in this case to demonstrate that their actions relating to the manner in which they acquired their additional municipal jobs were in good faith.

Consequently, there is no basis for limitation of the counsel fee award. When the determination is that the supervisors are entitled to counsel fees, the award should be for reasonable legal expenses incurred. There is no clear statutory basis for a link between the economic benefit to the township and the expenses which the supervisors incurred in successfully pursuing their surcharge challenge.

Accordingly, we must remand this case for a determination of the whole amount of reasonable counsel fees and legal expenses which the supervisors have incurred, including those incurred on appeal to this court.

## ORDER

Now, October 2, 1987, the order of the Court of Common Pleas of Erie County, at No. 1344-A-1985, dated August 28, 1986, awarding counsel fees to the supervisors, is vacated. This case is remanded to that court for a determination of the whole amount of reasonable counsel fees and legal expenses incurred, including those incurred on appeal to this court.

Jurisdiction relinquished.